UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARTHUR SINGLETON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CR423-025 |
| ) | CV424-089 |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Arthur Singleton pleaded guilty to one count of possession of ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* doc. 52 at 1 (Judgment).[1] He was sentenced to 70 months of incarceration and a three-year term of supervised release. *See id.* at 2-3. He did not appeal. *See generally* docket; *see also* doc. 56 at 2. He filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 56. Singleton's Motion asserts one ground for relief. *See id.* at 3-4. His sole argument is that his conviction is invalid because, as applied to him, 18 U.S.C. § 922(g) violates the

---

[1] The Court cites to the criminal docket in CR423-025 unless otherwise noted.

1

Second Amendment. *See id.* at 7-45. His claim fails for two independently sufficient reasons. First, it is procedurally defaulted. Second, it is foreclosed by Eleventh Circuit precedent. Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, therefore, shows that his motion should be **DISMISSED**. Doc. 56.

The Eleventh Circuit has explained the related doctrines of "procedural bar" and "procedural default" in the context of § 2255 motions. *See Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022). *Seabrooks* explained:

> The terms 'procedurally barred' and 'procedurally defaulted' have distinct meanings. A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the Court of Appeals] rejected on direct appeal. [Cit.] A defendant can overcome a procedural bar when . . . there is an intervening change in law. [Cit.]
>
> By contrast, a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion. [Cit.] If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. [Cit.] To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. [Cit.]

*Id.* (citations omitted).

In the Eleventh Circuit, under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

A showing of "cause and prejudice" can overcome a defendant's default. *McKay*, 657 F.3d at 1196. More specifically, a defendant can overcome "application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error.'" *Id.* (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (alteration and emphasis in original)). To show cause to excuse procedural default, a defendant must show that "some objective factor external to the defense prevented [the defendant] or his counsel from raising his claims on direct appeal and that this factor

3

cannot be fairly attributable to [the defendant's] own conduct." *Lynn*, 365 F.3d at 1235. The movant bears the burden of showing cause and prejudice to excuse a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

Singleton expressly concedes that he did not challenge the constitutionality of § 922(g) on direct appeal. *See* doc. 56 at 3. A brief attached to Singleton's Motion, which appears to be copied from an unidentified source to which he has added his handwritten name in place of the original party, *see, e.g., id.* at 7, includes an argument that the asserted constitutional challenge 'is jurisdictional," and, therefore, should be reviewed "de novo." *Id.* at 8-10. That argument appears tailored for assertion on direct appeal, after a guilty plea. *See id.* at 9 (citing *Class v. United States*, 583 U.S. 174 (2018)). *Class* considered the question of "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction *on direct appeal.*" *Class*, 583 U.S. at 178 (emphasis added). *Class* does not address whether a constitutional challenge may be procedurally defaulted. Courts have been skeptical, at best, of arguments

4

that constitutional challenges are not subject to procedural default. *See, e.g., United States v. Hernandez*, 497 F. Supp. 3d 548, 550-51 (N.D. Cal. Oct. 30, 2020) (noting "circuit courts have . . . held or at least suggested that a constitutional challenge to a statute can still be procedurally defaulted," and collecting cases). There is no other argument in Singleton's Motion that even plausibly bears on whether his procedural default might be excused. He has, therefore, not borne his burden to excuse his procedural default.

Even if Singleton's claim that § 922(g) violates his Second Amendment rights were not procedurally defaulted, it would still fail. The document that Singleton has adapted, whatever its original source, argues that the Supreme Court's opinion in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), abrogated the Eleventh Circuit's opinion in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), upholding the statue's constitutionality. *See* doc. 56 at 17-21. *Rozier* explicitly held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," including felons. *Rozier*, 598 F.3d at 771. While the Court acknowledges that several other courts

of appeals have held that *Bruen* undermines the kind of analysis conducted in *Rozier*, *see, e.g., United States v. Duarte*, ___ F.4th ___, 2024 WL 2068016, at *1-*2 (9th Cir. May 9, 2024); *Range v. Att'y Gen. U.S. of Am.*, 69 F.4th 96, 106 (3d Cir. 2023), the Eleventh Circuit has rejected arguments identical to Singleton's: "*Bruen* did not abrogate *Rozier*." *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024); *see also United States v. Lopez*, 2024 WL 2032792, at *1-*2 (11th Cir. May 7, 2024); *United States v. Jones*, 2024 WL 1554865, at *2 (11th Cir. Apr. 10, 2024); *United States v. Coleman*, 2024 WL 1156270, at *4 (11th Cir. Mar. 18, 2024). In holding that *Rozier* remains undisturbed, the court explained that "the Supreme Court made it clear in *Heller* that its holding did not cast doubt on felon-in-possession prohibitions, [cit.], and because the Court made it clear in *Bruen* that its holding was 'in keeping with *Heller*,' [cit.], *Bruen* could not have clearly abrogated our precedent upholding § 922(g)(1)." *Dubois*, 94 F.4th at 1293 (internal quotation marks, citations, and alterations omitted). Because the Eleventh Circuit has expressly rejected the argument that *Bruen* altered precedent upholding prohibitions on felons possessing firearms, Singleton's claim

6

fails. *See, e.g., Vaughn v. United States*, 2024 WL 1815360, at *5 (N.D. Ala. Apr. 25, 2024).

In summary, Singleton's sole ground for relief, asserting that § 922(g) violates the Second Amendment as applied to him, is either procedurally defaulted, foreclosed by binding precedent, or both. His Motion should, therefore, be **DISMISSED**. Doc. 56.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA