IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARTHUR SINGLETON, | |
| Petitioner, | CRIMINAL ACTION NO.: 4:23-cr-25 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's May 14, 2024, Report and Recommendation, (doc. 58), to which Petitioner has objected, (doc. 61). For the reasons explained below, Singleton's Objection is **OVERRULED**. (Doc. 61.) The Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 58.) Singleton's 28 U.S.C. § 2255 motion, (doc. 56), is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** the associated civil action case number 4:24-cv-89.

As the Magistrate Judge explained, Singleton pleaded guilty to a single count of possession of ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 58, p. 1 (citing doc. 52)). The only ground asserted in his 28 U.S.C. § 2255 Motion is that his conviction is invalid because § 922(g) is unconstitutional, as applied to him. (Id., pp. 1-2; see also doc. 56, pp. 3, 7-46.) The Magistrate Judge concluded that his claim was both procedurally defaulted and substantively meritless. (Doc. 58, pp. 2-7.) Singleton objects to both conclusions. (See generally doc. 61.)

As to the procedural default, Singleton does not dispute that he failed to challenge the constitutionality of § 922(g), as it was applied to him, on direct appeal. (See, e.g., doc. 61, p. 2.) As the Eleventh Circuit has explained, "[i]f a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused." Seabrooks v. United States, 32 F.4th 1375, 1383 (11th Cir. 2022) (citations omitted). "To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." Id. Charitably construed, Singleton asserts that his procedural default is excused under both theories. Although his arguments are not completely clear, he suggests that his procedural default is excused because the constitutional challenge he raises was not available on direct appeal and because his counsel was ineffective. (Doc. 61, pp. 2-3.) He also, at least nominally, asserts his actual innocence. (Id., p. 2.) None of his arguments are availing.

To excuse the default, Singleton first "asserts his actual innocence . . . ." (Doc. 61, p. 2.) However, in this context, the Supreme Court has made clear that " 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998). Singleton does not dispute the factual basis of his plea, he merely challenges the constitutionality of the statute. (Doc. 61, p. 2.) The Supreme Court has stated, albeit not in identical circumstances, that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Schlup v. Delo, 513 U.S. 298, 316 (1995). The balance of persuasive authority leads the Court to conclude that purported constitutional defects in the statue of conviction does not amount to a viable assertion of "actual innocence." See, e.g., Johnson v. Berkebile, No. CV 14-76-H-DLC-JTJ, 2015 WL 3649898, at

\*2 (D. Mont. June 11, 2015) ("[Conviction pursuant to what [petitioner] contends was an unconstitutional statute] is generally insufficient to overcome a procedural default."); Dunkerly v. Estes, No. 13-0331-CB-M, 2014 WL 3063563, at \*2 n. 2 (S.D. Ala. July 7, 2014) ("Petitioner argued that he is actually innocent because the statute under which he was convicted is unconstitutional.  That is a claim of legal insufficiency and, as such, does not satisfy the actual innocence exception.").  The insufficiency of Singleton's actual innocence claim to excuse his procedural default is particularly clear because, as discussed below, his argument that the statute of conviction is unconstitutional lacks merit.   See United States v. Green, Nos. 3:14cr7/RV/ZCB, 3:22cv22041/RV/ZCB, 2022 WL 17718659, at \*2 (N.D. Fla. Nov. 14, 2022) ("Defendant's claim of actual innocence is premised on his belief that 18 U.S.C. § 922(g)(1) violates the Second Amendment.   That is incorrect.").

Singleton also argues, albeit somewhat vaguely, that his procedural default should be excused because his counsel did not "advise[ ] him" that he could challenge the constitutionality of § 922(g).  (See doc. 61 at 5.)  In the absence of a viable assertion of actual innocence, procedural default may be overcome by a showing of cause and prejudice.  See, e.g., Seabrooks, 32 F.4th at 1384.

> Ineffective assistance of counsel may satisfy the cause exception to a procedural [default]."  [Cit.]   In order to do so, however, the claim of ineffective assistance must have merit.  [Cit.]  . . .  Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit.

United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citations and quotations omitted). As explained by the Magistrate Judge, (doc. 58, pp. 5-7), Singleton's argument that § 922(g) is unconstitutional was and is contradicted by binding Eleventh Circuit precedent, reaffirmed after the Supreme Court decided New York State Rifle and Pistol Association v. Bruen, 597 U.S. 1 (2022).  Although Dubois, discussed below, was not decided until after Singleton was convicted,

any such argument would still have been contradicted by then-existing precedent, United States v. Rozier, 598 F.3d 768, 771 (11th Cir. 2010). Given that the argument would have, at best, required a change in the controlling law, Singleton cannot show his counsel was ineffective for failing to raise it. See, e.g., Steiner v. United States, 940 F.3d 1282, 1293 (11th Cir. 2019) ("An attorney's failure to anticipate a change in the law does not constitute ineffective assistance.").

Singleton also claims that "unpre[ce]dented language in the [Bruen] framework was not available to [him] . . . ." (Doc. 61, p. 3.) "The novelty of a claim may [also] constitute cause for excusing [a] procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available," during a direct appeal. United States v. Bane, 948 F.3d 1290, 1296-97 (11th Cir. 2020) (internal quotations omitted). However, judgment was entered against Singleton on November 8, 2023, (see doc. 52), and Bruen was decided on June 23, 2022, 597 U.S. at 1. Since Bruen's analysis was clearly "available" to Singleton, it cannot support his argument to excuse his procedural default. Cf. Bousley v. United States, 523 U.S. 614, 623 (1998) ("futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.").

Singleton also objects to the Magistrate Judge's conclusion on the merits of his constitutional challenge to § 922(g). (See doc. 61 at 3-6.) As the Magistrate Judge explained, the Eleventh Circuit has confronted arguments that § 922(g) is unconstitutional after the Supreme Court's opinion in Bruen. (See doc. 58 at 6 (collecting cases)). In United States v. Dubois, the Eleventh Circuit confronted the argument that a defendant's conviction for possessing firearms and ammunition violated the Second Amendment. 94 F.4th 1284, 1291 (11th Cir. 2024). Dubois explained that, after the Supreme Court's opinion in District of Columbia v. Heller, 554 U.S. 570 (2008), it reaffirmed that "under Heller, statutes disqualifying felons from possessing a firearm

4

under any and all circumstances do not offend the Second Amendment." Id. (quoting Rozier, 598 F.3d at 771); see also Rozier, 598 F.3d at 771 ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class."). Dubois concluded that, notwithstanding some differences in the analyses applied in Heller and Bruen, both cases "repeatedly described the [Second Amendment] right as extending only to law-abiding, responsible citizens." 94 F.4th at 1293 (internal quotation marks and citations omitted). Based on its analysis of the Supreme Court's opinions, the Eleventh Circuit concluded unequivocally: "Bruen did not abrogate Rozier. Because the Supreme Court made it clear in Heller that its holding did not cast doubt on felon-in possession prohibitions, [cit.] and because the Court made it clear in Bruen that its holding was in keeping with Heller, [cit.], Bruen could not have clearly abrogated our precedent upholding section 922(g)(1)." Id. (internal quotation marks, alterations, and citations omitted). As the Magistrate Judge noted, the Eleventh Circuit has reaffirmed its Dubois holding several times. (Doc. 58, p. 6 (collecting cases)); see also United States v. Johnson, No. 23-11885, 2024 WL 3371414, at *3 (11th Cir. July 11, 2024) (reaffirming Dubois and noting that the Supreme Court, in United States v. Rahimi, 602 U.S. ___, 144 S. Ct. 1889 (2024), "once again declared that the prohibition on the possession of firearms by felons is presumptively lawful." (internal quotation marks and citation omitted)). Because Singleton's challenge to the constitutionality of § 922(g) is foreclosed by binding precedent, the Magistrate Judge correctly concluded that it fails on the merits.[1] (See doc. 58, pp. 6-7.)

Singleton's Objection, therefore, does not present any valid argument that excuses his procedural default of his constitutional challenge to 18 U.S.C. § 922(g) and does not undermine

---

[1] The Magistrate Judge recognized that several courts of appeals outside of the Eleventh Circuit have held that Bruen undermined the conclusion the Eleventh Circuit reached in Rozier. (See doc. 58, p. 6 (citing

the Magistrate Judge's conclusion that, given binding precedent, his challenge fails on the merits. It is **OVERRULED**. (Doc. 61.) After careful de novo review of the entire record, therefore, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 58.) Singleton's 28 U.S.C. § 2255 motion, (doc. 56), is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** the associated civil action case number 4:24-cv-089.

There are no discernable issues worthy of a certificate of appeal. Therefore, the Court **DENIES** the issuance of a Certificate of Appealability. Singleton is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court likewise **DENIES** Singleton *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 30th day of July, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

United States v. Duarte, 101 F.4th 657 (9th Cir. 2024); Range v. Att'y Gen. U.S. of Am., 69 F.4th 96 (3d Cir. 2023)). The validity of those opinions has, at least, been undermined by the Supreme Court's opinion in Rahimi. See, e.g., Garland v. Range, ___ S. Ct. ___, 2024 WL 3259661, at *1 (U.S. July 2, 2024) (vacating the Third Circuit's opinion in Range and remanding "for further consideration in light of United States v. Rahimi . . . ."); see also United States v. Duarte, ___ F.4th ___, 2024 WL 3443151 (9th Cir. July 17, 2024) (vacating opinion in Duarte and ordering rehearing en banc); Johnson, 2024 WL 3371414, at *3 (noting, in Rahimi, the Supreme Court "once again declared that the prohibition on the possession of firearms by felons is presumptively lawful." (internal quotation marks, alterations, and citation omitted)).